IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FAIRVIEW DEVELOPMENT CORPORATION, an Arizona corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID W. SCHMID and PATRICIA SCHMID, husband and wife,<br><br>    Defendants. | No. CV-09-0784-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss of Defendants David W. Schmid and Patricia Schmid. (Dkt. # 7.) For the reasons set forth below, the Court grants Defendants' Motion.

**BACKGROUND**

On February 14, 2007, Plaintiff Fairview Development Corporation ("Fairview") and two additional plaintiffs who were subsequently dismissed (Case No. CV-07-0337-PHX-SMM, Dkt. # 96 at 6), filed suit against Defendant David W. Schmid and a fictitious defendant (Jane Doe Schmid) who represented "Mr. Schmid's spouse, if he [was] married." (Case No. CV-07-0337-PHX-SMM, Dkt. # 1 ¶ 4.) After amending the complaint multiple times, Fairview ultimately asserted a single claim of copyright infringement pursuant to the Federal Copyright Act, 17 U.S.C. §§ 101 *et seq.*, against the defendants. (Case No. CV-07-

0337-PHX-SMM, Dkt. # 47.) Fairview's copyright claim was predicated upon the allegation that Mr. Schmid infringed architectural plans for a custom home that were owned by Fairview. (*See id.*) On August 8, 2009, the defendants moved for summary judgment. (Case No. CV-07-0337-PHX-SMM, Dkt. # 78.) The Court found that Mr. Schmid had not infringed the subject architectural plans and granted the motion in favor of the defendants. (Case No. CV-07-0337-PHX-SMM, Dkt. # 96 at 23 ("The Court does not find Defendants liable to Fairview for copyright infringement because Seidner granted Defendants a license when he owned the copyright. Therefore, the Court will grant summary judgment in favor of Defendants.").)

In the complaints filed in the former case, Fairview explicitly reserved the right to "seek leave to amend [the] Complaint and/or to issue a replacement summons as to 'Jane Doe' Schmid when her true name [was] determined." (Case No. CV-07-0337-PHX-SMM, Dkt. ## 1 ¶ 4, 47 ¶ 4.) Fairview apparently sought the inclusion of Mrs. Schmid for purposes of complying with the community property joinder requirements of Arizona Revised Statutes section 25-215(D). However, Fairview failed to either amend or seek leave to amend its complaint to join Mrs. Schmid as a defendant prior to the granting of summary judgment and termination of the former case, even though Fairview had learned her identity. As a consequence of not amending its complaint to join Mrs. Schmid, the Court also dismissed the fictitious "Jane Doe Schmid" in the order granting summary judgment, citing the Ninth Circuit's "disfavor of fictitious defendants." (Case No. CV-07-0337-PHX-SMM, Dkt. # 96 at 5.)

On April 1, 2009, Fairview filed its Notice of Appeal to the Ninth Circuit. (Case No. CV-07-0337-PHX-SMM, Dkt. # 106.) The issues raised on appeal include the Court's finding of no infringement and whether service was properly effectuated on "Jane Doe Schmid." (Case No. CV-07-0337-PHX-SMM, Dkt. # 108.)

Fairview then filed a new complaint against both Mr. and Mrs. Schmid on April 16, 2009, asserting the identical copyright infringement claim previously asserted against Mr. Schmid in the prior case and asserting a claim for declaratory relief. (Dkt. # 1.) According

to Fairview, the second case was filed because Fairview "believes the District Court's Judgment in the [former] Lawsuit dismissing 'Jane Doe' Schmid leaves open the question of whether an 'action' has been 'commenced' against Patricia Schmid for purposes of tolling the three-year statute of limitations in 17 U.S.C. § 507(b)."[1] (Dkt. # 1 ¶ 28.) Fairview therefore admits that it "brings this second action . . . for the sole purpose of preserving the statute of limitations as to Patricia Schmid should the Subject Appeal result in reversal and remand." (*Id.* ¶ 29.) Defendants now move for dismissal arguing that claim preclusion, issue preclusion, and Arizona community property joinder rules bar this action. The Court will address each argument in turn.

## DISCUSSION

**I.   Claim Preclusion**

Defendants first argue that the copyright infringement claim asserted against Mr. Schmid is barred under principles of claim preclusion. (Dkt. # 7 at 1-2.) Under the doctrine of claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("[C]laim preclusion . . . bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action."). The elements necessary to establish claim preclusion are: (1) an identity of claims; (2) a final judgment on the merits; and (3) privity between the parties. *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1050-52 (9th Cir. 2005).

Here, Plaintiff does not dispute that each of these requirements is satisfied. (*See* Dkt. # 10 at 4-12.) Rather, Plaintiff argues that pursuant to sections 20 and 26 of the Restatement

---

[1] 17 U.S.C. § 507(b) states that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." According to Fairview, the three year statue of limitations expired in late April, 2009. (Dkt. #10 at 2.)

(Second) of Judgments, exceptions to claim preclusion apply. The exceptions set forth in those sections, however, are not applicable on the facts of this case.

Section 20(1) of the Restatement (Second) of Judgments states: "A personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claim . . . [w]hen the judgment is one of dismissal for lack of jurisdiction, for improper venue, or for nonjoinder or misjoinder of parties . . . ." Here, the judgment was not based on a lack of jurisdiction, improper venue, nonjoinder, or misjoinder, but rather on the conclusion that Mr. Schmid was not liable for copyright infringement. Therefore, there is no merit to Plaintiff's contention that section 20 of the Restatement (Second) of Judgments would allow it to reassert the claim against Mr. Schmid.

Section 26 of the Restatement (Second) of Judgments states:

> (1) When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:
>
> . . .
>
> (c) The Plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain multiple theories or demands for multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief [.]

Despite citing this section, Fairview fails to articulate any reason why section 26(1) would permit a second action against Mr. Schmid. Rather, Fairview argues that it "had no practical opportunity" to assert a community claim against Mr. and Mrs. Schmid and that this is "akin to the situation where the first tribunal's subject matter jurisdiction is limited" as set forth in section 26(1). Neither contention is correct. First, Plaintiff identifies no limitations on the subject matter jurisdiction of the federal district court or other restrictions in the former case that would have prevented Plaintiff from asserting a community theory of infringement or relief. Plaintiff could have sought leave to amend its complaint to join Mrs. Schmid as a defendant in the action at any time within the nearly one-year period prior to the Court's

- 4 -

order granting summary judgment after it had discovered her identity. Fairview learned of Mrs. Schmid's identity during discovery as early as May 14, 2008. (*See* Dkt. # 88 Ex. 2 at 8.) Second, Plaintiff was certainly able, both theoretically and practically, to rely on a community theory of copyright infringement/relief in the first action. Therefore, Plaintiff's contention that section 26 of the Restatement (Second) of Judgments makes claim preclusion inapplicable against Mr. Schmid has no merit.

Because the elements necessary to establish claim preclusion are satisfied and because no exceptions to claim preclusion have been established, Plaintiff is precluded from again asserting the copyright infringement claim against Mr. Schmid.

## II.  Issue Preclusion

Defendants next argue that any claims asserted against Mrs. Schmid for purposes of establishing community liability for copyright infringement must be dismissed under principles of issue preclusion. (Dkt. # 7 at 4.) Assuming that Mrs. Schmid was not a party in the former action,[2] she seeks to use issue preclusion offensively against Plaintiff. "[T]he application of offensive nonmutual issue preclusion is appropriate if (1) there was a full and fair opportunity to litigate the identical issue in the prior action; (2) the issue was actually litigated in the prior action; (3) the issue was decided in a final judgment; and (4) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior action." *Syverson v. Int'l Bus. Mach. Corp.*, 472 F.3d 1072, 1078 (9th Cir. 2007) (citations omitted).

Plaintiff argues that issue preclusion does not bar this action because "[a]t issue in the present suit is the community nature of any copyright infringement liability David Schmid is found to have." (Dkt. # 10 at 3.) Plaintiff contends that this issue was not litigated or decided by the Court in the prior action because "the court in the First Lawsuit expressly

---

[2]The Court expresses no opinion on whether Mrs. Schmid was a party in the prior action and if so, whether she was properly served. To the extent that she may be found to be a party in the prior action, application of claim and issue preclusion would likewise preclude the claims asserted against her in this case.

1  declined to decide the issue that underlies any community property liability, which is whether
2  David Schmid is personally liable for copyright infringement as a primary or contributory
3  infringer." (*Id.*) Plaintiff, however, does not dispute that it did have a full and fair
4  opportunity to litigate the issue of Mr. Schmid's liability, or that Fairview was a party in the
5  former action.

Plaintiff's assertion that Judge McNamee did not determine the issue of David Schmid's personal liability is without merit. In its Response brief to the pending motion, Plaintiff represents multiple times that, in the first lawsuit, the Court granted summary judgment "without determining David Schmid's personal liability for infringement." (Dkt. # 10 at 4, 11, 12.) Plaintiff's representation is based on the following statement by the Court: "As the Court has granted summary judgment in favor of Defendants, the Court does not address whether Schmid could have been held liable under a theory of primary or contributory infringement." (Case No. CV-07-0337-PHX-SMM, Dkt. # 96 at 23.) Plaintiff's assertion that this statement indicates that the Court did not determine David Schmid's personal liability is disingenuous at best. In its order, Judge McNamee unambiguously found that Mr. Schmid had not infringed the copyright on the subject architectural plans – either under a theory of direct infringement or contributory infringement. The Court's statement merely indicated that, given its conclusion of no infringement, it was unnecessary for the Court to resolve the refined question of whether Mr. Schmid would have been liable for direct infringement or contributory infringement had infringement been found.

Here, the issue of Mr. Schmid's liability for copyright infringement is the identical issue that Defendants argue supports the application of issue preclusion. Indeed, Defendants argue that "Patricia Schmid has no liability because David Schmid did not infringe Plaintiff's copyright." (Dkt. # 12 at 4.) In the former case, the issue of Mr. Schmid's liability for copyright infringement was actually litigated, as both parties conducted substantial discovery on the issue and ultimately submitted the issue for summary adjudication. The Court made its ruling on the merits. Therefore, Plaintiff is precluded from asserting that Mrs. Schmid or

- 6 -

the Schmid marital community are liable to Plaintiff under a theory of copyright infringement.

**III.    Arizona Revised Statutes Section 25-215(D)**

In the Complaint and Plaintiff's Response to the pending motion, Plaintiff makes clear that "[t]he filing of the present lawsuit is a precautionary measure to ensure Fairview retains the right to execute any judgment against the Schmid marital community should the Ninth Circuit reverse the court's decision in the First Lawsuit."  (Dkt. ## 10 at 3; 1 ¶¶ 28-29.) Defendants argue that pursuant to Arizona law, Plaintiff "cannot bring a second lawsuit to cure their failure to properly sue David and Patricia jointly in the First lawsuit."  (Dkt. # 7 at 4.)

Arizona Revised Statutes section 25-215(D) requires that "[i]n an action on . . . a debt or obligation the spouses shall be sued jointly."  Assuming that Mrs. Schmid was not a party in the former lawsuit, an issue that appears to be contested by the parties, the parties dispute whether Plaintiff may cure that deficiency by asserting a second lawsuit in which the spouses are sued jointly.  Defendants argue that *C & J Travel, Inc. v. Shumway*, 161 Ariz. 33, 775 P.2d 1097 (Ct. App. 1989), precludes this option.

In *Shumway*, the plaintiff, C & J travel, sought to enforce against the marital community a foreign judgment it had obtained in another state against the husband only, David Shumway. *Id.* at 34-35, 775 P.2d at 1098-99.  The Arizona Court of Appeals held that the foreign judgments were final, "and that doctrines of merger and res judicata prevent[ed] [the plaintiff] from suing David Shumway again." *Id.* at 37, 775 P.2d at 1101.  The court concluded that:

> The inability to sue David on the original cause of action . . . prevents the creditors from complying with A.R.S. § 25-215(D) because both spouses cannot be sued jointly unless and until the domesticated judgments based on the final New Hampshire judgment are vacated or set aside pursuant to procedural and legal rules which might permit that action.

1  *Id.* Based upon this holding, Defendants argue that, even had Plaintiff obtained a judgment
2  against Mr. Schmid in the first lawsuit, it would be precluded from a secondary suit aimed
3  at curing its failure to join both spouses in the first action. (Dkt. # 7 at 3-4.)

Plaintiff, however, argues that the Arizona Court of Appeals, in *Heinig v. Hudman*, 177 Ariz. 66, 865 P.2d 110 (Ct. App. 1993), qualified the applicability of *Shumway* and permits a second cause of action in certain circumstances. (Dkt. # 10 at 7-11.)

In *Heinig*, George Hudman, a married man, entered into a partnership agreement to develop raw land owned by Heinig. *Heinig*, 177 Ariz. at 68, 865 P.2d at 112. Hudman represented, both orally and in the partnership agreement, that he was a married man dealing with his sole and separate property. *Id.* Subsequently, when the real estate market deteriorated and the partnership project failed, Heinig instituted arbitration proceedings against Hudman under the arbitration clause of the partnership agreement. *Id.* During the course of arbitration, Heinig learned that Hudman had misrepresented the source of his funding, and that in fact he had acquired his partnership interest with community property. *Id.* Consequently, Heinig tried to join Hudman's wife as a party to the arbitration. *Id.* The arbitrator, however, ruled that he had no authority under the agreement to arbitrate claims against Mrs. Hudman. *Id.* In so ruling, the arbitrator expressly stated that he did not regard his ruling as a bar to any subsequent action against the community. *Id.* at 68-69, 865 P.2d at 112-13. The arbitration award in Heinig's favor was subsequently confirmed by the Arizona superior court. *Id.* at 69, 865 P.2d at 113.

Heinig then sued both Mr. and Mrs. Hudman in state court, seeking declaratory relief that the judgment against Mr. Hudman was enforceable against both parties. *Id.* The superior court granted summary judgment in favor of the Hudmans, but on review, the court of appeals reversed in part. *Id.* The court decided that Heinig's claims against the Hudmans were not barred by res judicata because, pursuant to the Restatement (Second) of Judgments, the rule of preclusion had exceptions that applied under the circumstances of the case. *Id.* at 71-73, 865 P.2d at 115-17. Specifically, because the court in the first action expressly reserved Heinig's right to maintain the action, and because Heinig had no opportunity to

include Mrs. Hudman in the arbitral proceeding, the general rule of preclusion did not apply. *Id.* The court therefore distinguished *Shumway*, noting that "no procedural impediment prevented joinder of the wife" there. *Id.* at 72, 865 P.2d at 116.

Here, unlike *Heinig*, and as previously reviewed, there was no legal impediment preventing Plaintiff from bringing its original action against both Mr. and Mrs. Schmid. Additionally, there was no reservation of the right to assert a second action against the community. Therefore, as in *Shumway*, where no procedural impediment stands in Plaintiff's way, Plaintiff is barred from asserting a second action for copyright infringement to cure its failure to assert a claim against the marital community in the first action. *See, e.g.*, *Nw. Nat'l Ins. Co. v. Schubach*, 93 F.3d 386, 389-90 (7th Cir. 1996) (holding that, under Arizona law, a creditor who choose not to join the defendant's wife in a suit in federal court could not later bring suit naming both spouses to impose the judgment on the marital community). Plaintiff is barred from seeking to cure, in a second action, a failure to sue the community in the first.

**IV. Declaratory Relief**

In addition to asserting a claim of copyright infringement against the Schmid community and Mr. Schmid individually, Plaintiff also asserts a claim for declaratory relief. (Dkt. # 1 ¶¶ 36-39.) Plaintiff alleges that:

> An actual and justiciable controversy exists between and/or among [Fairview] and David and Patricia Schmid as to whether David Schmid was acting in furtherance of his marital community in committing any copyright infringement, whether an action was 'commenced' as against Patricia Schmid in the [former lawsuit] . . . , whether a subsequent amendment of the complaint in the [former lawsuit] would relate back to the filing of the original complaint, whether Patricia Schmid was properly served with process [in] the [former lawsuit] and/or other controversies.

(*Id.* ¶ 37.)

The Declaratory Judgments Act states, "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Initially then, "the court must inquire whether there is a case of actual controversy within its

- 9 -

jurisdiction." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). This requirement is identical to Article III's constitutional case or controversy requirement. *Societe de Conditionnement en Aluminum v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1981). "In order for a case to be justiciable under Article III of the Constitution, it must be ripe for review." *Aydin Corp. v. Union of India*, 940 F.2d 527, 528 (9th Cir. 1991). When asserting a claim under the Declaratory Judgments Act, a plaintiff must establish "that there is a substantial controversy, between parties having adverse interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 658 (9th Cir. 2002) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Plaintiff argues that, in light of the three-year statute of limitations for commencing copyright claims, these issues are ripe for review now and Plaintiff "will suffer a hardship if it is prohibited from asserting its present claims and if such claims are barred in the future by the statute of limitations." (Dkt. # 10 at 13-14.) The Court has already concluded, however, that the nature of the Court's determination of the previous copyright claim against Mr. Schmid precludes a similar claim against the Schmid marital community in a second action. Whatever hardship results from this ruling cannot be alleviated at this point by granting declaratory relief. Accordingly, dismissal of Plaintiff's declaratory relief claim is warranted.

**CONCLUSION**

Claim preclusion bars Plaintiff from asserting the same copyright infringement claim previously litigated against Defendant David Schmid in this action. Similarly, issue preclusion and Arizona community property law bars Plaintiff from asserting the copyright infringement claim against Patricia Schmid or the Schmid marital community in this action. Finally, Plaintiff is not entitled to declaratory relief.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Dkt. # 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**. The Clerk of the Court is directed to **TERMINATE** this action.

**DATED** this 11th day of June, 2009.

_____
G. Murray Snow
United States District Judge